BLD-135                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3297
_____

ROY J. DEPACK, JR.,
                                    Appellant

v.

PROSECUTOR JOHN ESMORADO; DET WILLIAM FALITEZ
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-17-cv-07136)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 1, 2018
Before:  RESTREPO, BIBAS, and NYGAARD, Circuit Judges

(Opinion filed March 8, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Roy J. DePack, Jr., filed a civil rights complaint in the United States District Court for the District of New Jersey. The District Court summarily dismissed the complaint for failure to state a claim upon which relief could be granted and DePack timely appealed. Because we conclude that the dismissal was premature, we will vacate the District Court's judgment and remand for further proceedings.

The allegations of DePack's complaint are sparse, but it appears that he alleges that a county prosecutor and a police officer violated his Due Process rights. If we understand the complaint correctly, DePack was facing a state theft charge. He claims that he entered into a negotiated plea with the Union County Prosecutor's Office by which he would serve six months of county jail time, along with probation and a fine, in exchange for pleading guilty to third-degree theft. He alleges that instead of honoring this promise, police detective William Falitez, who witnessed the plea agreement, took a bribe from (potential co-defendant?) Joe Capanegro. He alleges that Falitez then convinced Union County prosecutor John Esmarado to drop the state charges against DePack and instead allow federal prosecutors to bring charges against him, thus depriving DePack of the benefit of his plea bargain.

The District Court granted DePack's motion to proceed in forma pauperis ("IFP"). The Court screened the complaint and, in a two-page form order, stated that it would be dismissed for failure to state a claim upon which relief may be granted.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review of a district court decision dismissing a complaint for failure to state a claim. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). An appellant may prosecute his case

2

without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the IFP statute provides that the District Court shall dismiss the complaint at any time if the court determines that it fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint fails to state a claim if, accepting all well-pled factual allegations as true, the allegations do not "plausibly give rise to an entitlement to relief." Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). We conclude that the dismissal of the complaint here was premature.

Without providing any legal reasoning, the Court noted in its order here: "Plaintiff's claims are not appropriately before this court as it appears a criminal matter is pending. In addition, claims against the prosecutor are barred by immunity." The Court also stated that "[a]ny assertions relating to criminal action -04-599 are not properly before this court and may be precluded legally."[1] The Court then checked a blank next to a sentence stating: "Plaintiff shall not have leave to amend the Complaint as such amendment would be futile."

As the District Court recognized, before dismissing a complaint for failure to state a claim, it must give the plaintiff an opportunity to amend the complaint, unless such amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). But the District Court order does not explain why it believes amendment would be futile, nor does it explain how pending federal criminal proceedings would bar a suit against two state officials. See Wallace v. Kato, 549 U.S. 384, 392-93 (2007);

---

[1] DePack argues in our Court that his claims have nothing to do with his prior federal criminal conviction.

3

Dique v. N.J. State Police, 603 F.3d 181, 187 (3d Cir. 2010) (favorable termination requirement of Heck v. Humphrey, 512 U.S. 477 (1994), applicable only when there is an existing criminal conviction). And its conclusion that the prosecutor is immune *may* be premature as well. Compare Doe v. Phillips, 81 F.3d 1204, 1210 (2d Cir. 1996) (prosecutor loses immunity by acting without any colorable authority, such as by demanding a bribe), with Eldridge v. Gibson, 332 F.3d 1019, 1021 (6th Cir. 2003) ("It is a well established rule that where a judge's absolute immunity would protect him from liability for the performance of particular acts, mere allegations that he performed those acts pursuant to a bribe or conspiracy will not be sufficient to avoid the immunity.") (quoting Mowbray v. Cameron County, Tex., 274 F.3d 269, 277 n.4 (5th Cir. 2001)).

While the complaint is sparse and lacking in detail, after reviewing the complaint we cannot say that any amendment would be futile. We express no opinion on the merits of any such amended complaint.[2] For the foregoing reasons, we will vacate the District Court's judgment and remand for further proceedings.

---

[2] To the extent there was no binding agreement between DePack and the county prosecutor, any claim that the prosecutor violated his rights by allowing increased charges against him appears to lack merit. See, e.g., United States v. Goodwin, 457 U.S. 368, 382 (1982) (prosecutor's initial decision should not freeze future conduct); United States v. Oliver, 787 F.2d 124, 126 (3d Cir. 1986) ("[S]eparate sovereigns have the right to bring increased charges or simultaneous prosecutions for similar or identical offenses and [] there is no prosecutorial vindictiveness where the prosecutor's decision to prosecute is based upon the usual determinative factors.").